IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

UNITED STATES OF AMERICA § 

VS. § CIVIL ACTION NO. 1:94cr69(1)

RICHARD ANGELO ZUCCO §

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

In 1994, the defendant was convicted of possessing a controlled substance. He was sentenced to 180 months imprisonment. A fine of $50,000 was also imposed. The judgment provided that the fine was due immediately.

The defendant has filed a "Motion for Deferment of Fine Payments." In his motion, the defendant states he expects to be released to a halfway house later this year. He states that while he has made payments towards his fine through the Inmate Financial Responsibility Program, he now needs to be permitted to save the small income he receives from his prison job in order to be able to support himself when he is released. He asks the court to defer payments towards his fine for the remainder of his incarceration and the first year after he is released. The defendant's motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636.

### Analysis

Title 18 U.S.C. § 3572(d)(3) provides:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to

pay the fine.  Upon the receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require payment in full, as the interests of justice require.

Section 3572(d)(3) permits defendants who fines are payable in installments to seek modification of their payment schedule based upon a change in economic circumstances.  However, as described above, the defendant's judgment provided that his fine was payable immediately, rather than in installments.

"Current federal law simply provides defendants in [the current defendant's] situation no opportunity to seek reduction or modification of a fine."  *United States v. Kercado*, 2002 WL 1364027 *2 (S.D.N.Y. June 24, 2002).[1]  As a result, the defendant's motion should be denied.

## Recommendation

The "Motion for Deferment of Fine Payments" should be denied.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to file objections bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275,

---

[1] The only circumstances under which the defendant's fine could be modified would be if the government, acting pursuant to 18 U.S.C. § 3573, made a motion to remit the fine or defer payments.

276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

**SIGNED** this  1  day of  May , 2007.

*[signature: Earl S. Hines]*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE